UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAKHWANT SINGH, ET AL., | ) |
|     *Plaintiffs*, | ) ) ) |
|     vs. | )    No. 1:22-cv-00474-JMS-MJD |
| INDIANA STATE EXCISE POLICE, ET AL., | ) ) ) |
|     *Defendants*. | ) |

**ORDER**

    Numerous business owners of gas stations and convenience stores and their family members initiated this litigation pursuant to 42 U.S.C. § 1983 alleging that their civil rights were violated under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when Defendants conducted investigations that resulted in the seizure of Plaintiffs' property.  Defendants the Indiana State Excise Police, Investigator Alan Wombolt, the Indiana State Police, the Madison County Prosecutor, Deputy Prosecutor Jesse Miller, the Indiana Alcohol and Tobacco Commission, and the Indiana Attorney General (collectively, "the State Defendants") have filed a Motion to Dismiss, arguing that Plaintiffs' claims should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  [Filing No. 30.]  Defendant Anderson Police Department ("APD") has filed a separate Motion to Dismiss under Rule 12(b)(6).  [Filing No. 26.] Defendant Indianapolis Metropolitan Police Department ("IMPD") has not responded to Plaintiffs'

1

Complaint.[1]  The Motions to Dismiss brought by Defendants and APD are now ripe for the Court's decision.

# I.
## STANDARD OF REVIEW

Rule 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  Jurisdiction is the "power to decide," *Boley v. Colvin*, 761 F.3d 803, 805 (7th Cir. 2014), and federal courts may only decide claims that fall within both a statutory grant of authority and the Constitution's limits on the judiciary, *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).  Although a court deciding a Rule 12(b)(1) motion may accept the truth of the allegations in the complaint, it may look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists.  *Ciarpaglini v. Norwood*, 817 F.3d 541, 543 (7th Cir. 2016).  The party asserting the existence of subject matter jurisdiction bears the burden of demonstrating by competent proof that such jurisdiction in fact exists.  *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

Under Rule 12(b)(6), on the other hand, a party may move to dismiss a claim that does not state a right to relief.  The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and

---

[1] Plaintiffs also named the Marion County Prosecutor and the Indiana Department of Revenue as Defendants, but the Court dismissed Plaintiffs' claims against both parties without prejudice when Plaintiffs failed to file proofs of service indicating that those entities had been served with the Amended Complaint.  [Filing No. 35.]

draw all permissible inferences in favor of the plaintiff. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following allegations from Plaintiffs' Amended Complaint, [Filing No. 4], are taken as true for the purpose of deciding the Motions to Dismiss brought by the State Defendants and APD, consistent with the standards of review outlined above.

Plaintiffs are business owners who operate multiple gas stations and convenience stores in Indiana. [Filing No. 4 at 2.] Plaintiffs allege that an investigation into their businesses was conducted by Defendants over the course of six months and that, through this investigation, Defendants "acted with flagrant disregard for the constitutionally guaranteed rights of Plaintiff[s]" by illegally seizing around $425,000 worth of property and forcing Plaintiffs to temporarily cease business operations. [Filing No. 4 at 3.]

The investigation in question was conducted by Defendants the Madison County Prosecutor and the Indiana State Excise Police and was aimed at the alleged sale of fake Viagra by the Plaintiffs. [Filing No. 4 at 4.] Plaintiffs were never put on notice that they were being investigated for selling a fake product. [Filing No. 4 at 3-4.] Additionally, though done over multiple jurisdictions and with the aid of several state and police agencies, the investigation yielded less than $250 of transactions. [Filing No. 4 at 4.] Furthermore, none of the sales of the fake Viagra were conducted by any of the Plaintiffs, and they obtained the Viagra from a "legitimate convenience store wholesaler." [Filing No. 4 at 4.]

During the execution of search warrants obtained after Defendants' investigation, Defendants destroyed Plaintiffs' personal property and targeted religious shrines located in each of the individual Plaintiffs' residences. [Filing No. 4 at 7.] Additionally, Defendants illegally seized approximately $375,000 in cash from Plaintiffs' business and personal bank accounts and $50,000 worth of Plaintiffs' personal property as part of their investigation. [Filing No. 4 at 4.] Defendant the Madison County Prosecutor filed a civil forfeiture action and Defendants agreed to return some of the personal items and currency that were seized in the execution of the search warrants, but they did not abide by the terms of the agreement. [Filing No. 4 at 7.] Specifically, Defendants wanted to set aside the agreement so that they could keep Plaintiffs' property indefinitely, and they still have control of most of Plaintiffs' property to this day. [Filing No. 4 at 7.]

Furthermore, Plaintiffs were "singled out for investigation and prosecution based on their ethnic identity and religion." [Filing No. 4 at 5.] Because of Defendants' actions, Plaintiffs have "suffered significantly" and "[n]o part of Plaintiffs' lives have been left untouched by the acts of the Defendants." [Filing No. 4 at 6.] Additionally, Defendants have acted in a "systematic pattern"

and have caused Plaintiffs to be deprived of the use of the seized property and circumvented Plaintiffs' due process rights and Indiana forfeiture statutes. [Filing No. 4 at 9.]

Plaintiffs initiated this litigation on March 10, 2022 and filed the operative Amended Complaint the same day. [Filing No. 1; Filing No. 4.] They assert claims under § 1983 for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments and numerous state law claims against Defendants. [Filing No. 4.]

### III.
### DISCUSSION

The Court notes at the outset that Plaintiffs did not respond to the Motions to Dismiss filed by the State Defendants and APD. In the absence of a response by Plaintiffs, the Court is authorized to summarily rule on the Defendants' Motions to Dismiss pursuant to Local Rule 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline"). However, the Court prefers to decide motions on the merits, *see, e.g., Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), and discusses the arguments set forth by the States Defendants and APD below.

#### A.   **Claims Against APD**

APD argues in its Motion to Dismiss that Plaintiffs' claims must be dismissed because APD is "not an entity that can be sued." [Filing No. 27 at 1.] Specifically, it asserts that Indiana statutes do not "grant municipal police departments the capacity to sue or be sued," and that "a city's police department is not a suable entity apart from the municipality." [Filing No. 27 at 1-2 (quotations and citations omitted).]

Whether a local government entity is amenable to suit under § 1983 is a matter of state law. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997)). The Seventh Circuit has stated:

5

> Under Indiana law, a "[m]unicipal corporation" is a "unit, ... or other separate local governmental entity that may sue and be sued." Ind. Code § 36–1–2–10. A "'[u]nit' means county, municipality, or township," Ind. Code § 36–1–2–23, and a "[m]unicipality" is a "city or town," Ind. Code § 36–1–2–11. Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.

*Sow*, 636 F.3d at 300.

APD is a municipal police department. *See House v. Anderson Police Dept.,* 2021 WL 2351056, at *1 (S.D. Ind. June 8, 2021). "Because a city's police department 'is merely a vehicle through which the city government fulfills its policy functions,' it is not a proper defendant in a civil rights suite under § 1983." *Mason v. City of Indianapolis*, 2007 WL 2700193, at *6 (S.D. Ind. 2007). Further, APD is not an entity against which state law claims can be brought. *See Sow*, 636 F.3d at 300. Accordingly, APD's Motion to Dismiss, [Filing No. 26], is **GRANTED** and Plaintiffs' claims against APD are **DISMISSED WITH PREJUDICE**.

### B. Claims Against IMPD

Although Plaintiffs name IMPD as a Defendant, there is no indication that IMPD has been served with the Amended Complaint and IMPD has not appeared in the case. However, because Plaintiffs had an adequate opportunity to respond to APD's motion, the Court can impute the arguments made by APD to any other defendant to the extent the argument is equally effective at barring the claims against that other defendant. *See Malak v. Associates Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (holding that where one defendant filed a motion that is equally effective in barring the claim against the other defendants, the Court may *sua sponte* enter judgment in favor of the non-moving defendant if the plaintiff had an adequate opportunity to argue in opposition to the motion); *Coggins v. Carpenter*, 468 F. Supp. 270, 279 (E.D. Pa. 1979) ("[E]ven if a party does not make a formal motion to dismiss, the Court may on its own initiative dismiss the complaint for failure to state a claim upon which relief can be granted…where the inadequacy of the

complaint is apparent as a matter of law.")  Additionally, the Magistrate Judge ordered Plaintiffs to show cause by April 26, 2023 why IMPD should not be dismissed with prejudice because it is not a suable entity, [Filing No. 55] – yet another opportunity to respond to the arguments raised by APD – and Plaintiffs have not responded to date.

APD's argument regarding a municipal police department not being a suable entity under § 1983 or Indiana law applies with equal force to IMPD.  See *Perry v. Thomas*, 2011 WL 693622, at *4-5 (S.D. Ind. Feb. 18, 2011) (holding that IMPD is not a suable entity under § 1983 or Indiana law).  The Court imputes those arguments to IMPD and **DISMISSES** Plaintiffs' claims against IMPD **WITH PREJUDICE**.

    **C.**    **Claims Against the State Defendants**

        *1.*    *Federal Claims Against the Indiana State Excise Police, the Indiana State Police, and the Indiana Alcohol and Tobacco Commission*

Defendants the Indiana State Excise Police, the Indiana State Police, and the Indiana Alcohol and Tobacco Commission (collectively, "the State Agency Defendants") argue that Plaintiffs' claims against them should be dismissed because they are not "persons" suable under § 1983.  [Filing No. 31 at 5-6.]  Specifically, the State Agency Defendants claim that a state "does not constitute a 'person' liable for damages under § 1983" and that they are "arm[s] of the State" because they are all state agencies.  [Filing No. 31 at 5.]  The State Agency Defendants also argue that, in any event, all claims against them are barred by the Eleventh Amendment, which prohibits Plaintiffs from suing them in federal court unless they have consented to suit or Congress has abrogated their powers under the Fourteenth Amendment.  [Filing No. 31 at 6-7.]

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

7

rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law." It is well established that states and state agencies, such as the State Agency Defendants, are not "person[s]" under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983.") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-70 (1989)); *Endres v. Indiana State Police,* 349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a 'person' as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."); *Schnaus v. Butler,* 2009 WL 1409221, at *4 (S.D. Ind. May 14, 2009) (holding that the Indiana State Excise Police and the Indiana Alcohol and Tobacco Commission are not considered "persons" subject to suit under § 1983).

Because the State Agency Defendants are not considered "persons," Plaintiffs' § 1983 claims against them fail, the State Defendants' Motion to Dismiss, [Filing No. 30], is **GRANTED** as to those claims, and those claims are **DISMISSED WITH PREJUDICE**.[2]

> 2. *Federal Claims Against Alan Wombolt, the Madison County Prosecutor, Deputy Prosecutor Jesse Miller, and the Indiana Attorney General*

### a. Official Capacity Claims

Defendants Alan Wombolt, the Madison County Prosecutor, Deputy Prosecutor Jesse Miller, and the Indiana Attorney General ("the Individual State Defendants") argue that, as state officials, none of them are "persons" under § 1983 and, therefore, they cannot be sued. [Filing No. 31 at 8.] Additionally, the Individual State Defendants assert that any claims for damages against

---

[2] Although the State Agency Defendants also raise arguments under the Eleventh Amendment, the Court will not address those arguments because it finds that the federal claims against them fail as a matter of law based on the plain language of § 1983. *See Johnson v. Illinois*, 2022 WL 17848957, at *2 (7th Cir. 2022) (in dismissing § 1983 claims, the Court "need not have discussed the Eleventh Amendment," as "Courts should resolve § 1983 claims against states on statutory, not constitutional grounds").

them in their official capacities are barred by the Eleventh Amendment. [Filing No. 31 at 8.] They also argue that this Court does not have jurisdiction to decide state law claims against them in their official capacities because the Eleventh Amendment bars a plaintiff from bringing state law claims in federal court against state defendants in their official capacities. [Filing No. 31 at 8.]

As with the State Agency Defendants, the Individual State Defendants are not "persons" under § 1983 for claims against them in their official capacities. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2011).[3] Accordingly, the Court **GRANTS** the State Defendants' Motion to Dismiss as it applies to the § 1983 claims against the Individual State Defendants in their official capacities and **DISMISSES** those claims **WITH PREJUDICE**.[4]

### b. Individual Capacity Claims

The Individual State Defendants argue that Plaintiffs have not alleged how the Individual State Defendants were personally involved in the alleged constitutional violations, as required to state a claim under § 1983. [Filing No. 31 at 9.] They note that Plaintiffs' only specific allegations are that Mr. Wombolt led an investigation and served search warrants and that the Madison County Prosecutor filed a forfeiture action. [Filing No. 31 at 9.] They contend that the rest of Plaintiffs' allegations make blanket statements about "Defendants" collectively. [Filing No. 31 at 9-10.] The Individual State Defendants contend that the Amended Complaint's allegations do not put them on notice as to the claims against them. [Filing No. 31 at 11.] They argue further that the Madison

---

[3] Plaintiffs could bring claims for certain injunctive relief under § 1983 against the Individual State Defendants, *see Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999), but they do not seek injunctive relief in their Amended Complaint, [*see* Filing No. 4].

[4] Again, because the Court is dismissing the federal claims against the Individual State Defendants in their official capacities based on the fact that they are not "persons" for purposes of § 1983, it need not and will not discuss their arguments under the Eleventh Amendment. *See Johnson*, 2022 WL 17848957, at *2.

9

County Prosecutor and Deputy Prosecutor Miller are entitled to absolute prosecutorial immunity. [Filing No. 31 at 11-13.]

"[I]ndividual liability under § 1983…requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). As the Individual State Defendants note, the only allegations that specifically mention any of them are that the Madison County Prosecutor's Office and the Indiana State Excise Police (through Mr. Wombolt) were involved with an investigation of Plaintiffs and concealed Plaintiffs' assets through the forfeiture action. [*See* Filing No. 4.] But these allegations do not specify how being involved in the investigation and the forfeiture action violated Plaintiffs' constitutional rights. They also do not provide a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8. *Iqbal*, 556 U.S. at 677-78.[5] Accordingly, the Court **GRANTS** the State Defendants' Motion to Dismiss as it applies to the claims against the Individual State Defendants in their individual capacities and **DISMISSES** those claims **WITH PREJUDICE**.[6]

---

[5] Further, any claims against the Madison County Prosecutor and Deputy Prosecutor Jesse Miller fail as a matter of law because those two individuals are entitled to prosecutorial immunity. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.").

[6] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his or her complaint once as a matter of course in response to a motion to dismiss. *Brown v. Bowman*, 2011 WL 1296274, at *16 (N.D. Ind. 2011). The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending the meet the arguments in the motion." Here, Plaintiffs could have amended their Amended Complaint to add specific allegations against the Individual State Defendants. Instead, they chose to have the Court adjudicate the State Defendants' Motion to Dismiss. The Court is not required to give Plaintiffs another chance to plead their federal claims against the Individual State Defendants in their individual capacities and, in its discretion, dismisses those claims with prejudice.

### 3.     *State Law Claims Against the State Defendants*

Having dismissed all of Plaintiffs' federal claims, the Court must determine whether it will exercise supplemental jurisdiction over the remaining state law claims. The Court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c) ("the district courts may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction"). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Seventh Circuit has made it clear that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ( "Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotations omitted). Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associates Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (internal quotations omitted).

11

The relevant factors weigh in favor of the Court following the "usual practice" in the Seventh Circuit and relinquishing supplemental jurisdiction. *Groce*, 193 F.3d at 501. Comity favors allowing state courts to decide issues of state law. Moreover, none of the exceptions to the usual practice of relinquishing supplemental jurisdiction apply here. The statute of limitations will not have run of Plaintiffs' state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). Substantial resources have not been expended on these claims. Nor is it absolutely clear how the claims should be decided because they have not been developed.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state law claims and those claims are **DISMISSED WITHOUT PREJUDICE**.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court makes the following rulings:

- APD's Motion to Dismiss, [26], is **GRANTED** and all claims against APD are **DISMISSED WITH PREJUDICE**;

- The Court *sua sponte* **DISMISSES** all claims against IMPD **WITH PREJUDICE**; and

- The State Defendants' Motion to Dismiss, [30], is **GRANTED**, and all federal claims against the State Defendants are **DISMISSED WITH PREJUDICE** while all state law claims against the State Defendants are **DISMISSED WITHOUT PREJUDICE**.

Final judgment shall enter accordingly.

Date: 5/17/2023

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**